## NEIMAN–MARCUS CO. v. TRIGG.

### No. 12432.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 21, 1931.

Muse & Muse, of Dallas, for appellant.

Paddock, Massingill, Belew & Todd and S. A. Crowley, all of Fort Worth, for appellee.

DUNKLIN, J.

Neiman-Marcus Company, a corporation, instituted this suit against Dr. Ross Trigg and his wife, Mrs. Ross Trigg, on an account for merchandise sold to Mrs. Trigg in the aggregate sum of $851.45. A judgment was

rendered in favor of Mrs. Trigg, of which no complaint is made. But plaintiff was allowed a recovery against Dr. Ross Trigg for the sum of $101.45, which covered all items in the account sued on except an item of $750 for a fur coat sold by plaintiff to Mrs. Trigg. Dr. Ross Trigg has made no complaint of the judgment so rendered against him, but plaintiff has prosecuted this appeal from the judgment denying any recovery against Dr. Trigg for that $750 item.

The evidence showed that, at the time the articles stated in the account were sold, plaintiff was doing business in the city of Dallas, and that Dr. Trigg and wife then lived in the city of Fort Worth.

In plaintiff's petition, it was alleged that the articles shown in the account, including the fur coat in controversy, were necessaries and proper items of clothing for the wife of a man so situated as Dr. Trigg; that he was an eminent physician in the city of Fort Worth with a lucrative practice and of great social prominence.

It was further alleged that the coat was sold to Mrs. Trigg with the knowledge and consent of her husband. There was a further plea of estoppel against Dr. Trigg, based upon allegations that he had permitted and authorized his wife to make and maintain a charge account in his name with plaintiff; that the coat had been delivered to his office and by him delivered to his wife; that, at the time he received the package which contained the coat, he knew of its contents, or, by the exercise of ordinary prudence, should have known of its contents; and that, after being informed of the purchase of the coat by his wife, he acknowledged liability therefor.

In addition to a general demurrer and a verified denial of the justness of the account, Dr. Trigg pleaded specially that prior to the sale of the coat there had been a voluntary separation of himself and wife, and that they were living separate and apart from each other when the coat was purchased. There was also a special denial of allegations in plaintiff's petition of the amount of his income when the coat was purchased. There was another special answer in which it was alleged that the separation of the parties was due to the fault of Mrs. Trigg.

The defendant Mrs. Trigg answered, and both she and the plaintiff presented special exceptions to allegations in the answer of Dr. Trigg, to the effect that the separation was due to her fault, but both of those exceptions were by the court overruled.

Following is the charge of the court with the findings of the jury in answer to special issues submitted:

"This case is submitted to you upon special issues each of which you will answer by unanimous consent as follows:

"Definitions:

"In order that articles purchased by a wife for herself may be classed as a necessary they must be such articles of utility as are suitable to maintain her according to the estate and degree of her husband and the articles must be reasonable and proper considering her station in society.

"The term estoppel as used in this charge means that when a person fails to act or speak in a relation or transaction when it is his duty to do so and another is hurt or damaged by such failure, the person so failing to speak or act cannot profit by reason thereof.

"Specially requested instruction No. Two by defendant Dr. Ross Trigg:

"Gentlemen of the Jury:

"You are instructed that in your consideration of whether the coat purchased by Mrs. Ross Trigg was a necessary, that a necessary does not include luxuries nor extravagant and unreasonable purchases.

"David McGee, Judge.

"Given.

"Special Issue No. 1: Was the coat purchased by Mrs. Ross Trigg, upon which this suit is based necessary as that term has been heretofore defined? Answer 'yes' or 'no.' Answer: No.

"Special Issue No. 2: Do you find that by permitting and authorizing Mrs. Trigg to maintain an account and charge to him merchandise over a period of years that Dr. Trigg by his failure to act promptly in returning the $750.00 fur coat in question should now be estopped from denying liability? Answer 'yes' or 'no.' Answer: No.

"The burden of proof is upon the plaintiff to prove by a preponderance of the evidence the affirmative of special issues Nos. 1 and 2."

It is to be noted that plaintiff's cause of action was based solely upon the ground that the fur coat in controversy was a "necessary." The pleadings relied on by the plaintiff were not sufficient to present the theory of the agency of Mrs. Trigg to bind her husband for the purchase price of the coat, nor was the issue of agency submitted to the jury.

The evidence shows that plaintiff sold Mrs. Trigg the fur coat alleged at the price of $750, which was the reasonable value thereof; that the sale was made in Dallas; that the defendants resided in the city of Fort Worth; that the sale was made without the knowledge of Dr. Trigg. The evidence further shows that for several years prior to that sale Mrs. Trigg had purchased wearing apparel from the plaintiff in Dallas on her husband's credit, and that he had always paid the bills.

We quote the following from 13 R. C. L. p. 1207:

"Necessaries are said to be those things suitable to the rank and condition of the husband, or in other words, to the condition of the parties in life. The term is not confined to articles of food or clothing required to sustain life or preserve decency, but includes such articles of utility or probably of ornament as are suitable to maintain her according to the estate and degree or rank of her husband."

To the same effect is 20 Corpus Juris, pp. 601–603, pars. 141 and 145. The definition quoted is in substantial accord with approved definitions in all the authorities.

The instruction given by the trial court in this case upon the request of counsel for defendant Ross Trigg that "a necessary does not include luxuries * * *" is contrary to the approved definition, and the instruction given at defendants' request in connection therewith was further objectionable because it was in the nature of a general charge and on the weight of the evidence. Without undertaking to set out the evidence in full, we think it sufficient to say that there was testimony introduced which, if believed by the jury, would have sustained a finding that the fur coat in controversy came within the meaning of a proper definition of the term "necessary," and therefore the assignment of error addressed to the quoted definition given by the court must be sustained.

Accordingly, for the error in the court's charge pointed out above, the judgment denying plaintiff a recovery against defendant Dr. Ross Trigg for the fur coat shown in the account sued on will be reversed, and the cause as between him and plaintiff as to that item only will be remanded without a discussion of the merits of other assignments, since other rulings here complained of may not occur upon another trial. The judgment in favor of defendant Mrs. Ross Trigg and also in favor of plaintiff against Dr. Ross Trigg for the sum of $101.45, of which no complaint is made, are both left undisturbed.